(17 App. Div. 291.)

MAYER v. McWALTERS et al.

(Supreme Court, Appellate Division, First Department.　May 7, 1897.)

CALENDARS—PASSING CAUSE ON PREFERRED CALENDAR.

> Rule 5 of the special rules of practice in the First department provides that "in a case upon the day calendar for trial, where it shall appear to the court by affidavit that counsel who is to try the case is to argue a cause * * * upon the day calendar of any appellate division of the supreme court, * * * the case shall be passed for the day." *Held*, that such rule applies to cases on the preferred calendar as well as to those on the general calendar.

Appeal from special term, New York county.

Action by Margaretha Mayer, as administratrix of Frank Mayer, deceased, against James McWalters and others, to recover damages for causing the death of plaintiff's intestate.　From an order denying a motion to restore the action to its place on the preferred calendar of the court, plaintiff appeals.　Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

James J. Thornley, Jr., and William P. Burr, for appellant.
Samuel Cohn, for respondents.

BARRETT, J.　The affidavits show that, on November 20, 1896, this action was on the preferred calendar of the court, trial term, part 2; that on that day it was marked ready upon the opening of the court in the morning; that it was reached for trial at half past 3 o'clock in the afternoon, when the plaintiff's counsel was engaged in arguing an appeal before this appellate division, which was upon the day calendar of such division when the case was answered ready; and that these acts were then called to the attention of the learned justice presiding for the first time, who refused to consider such engagement, under the circumstances, as an excuse, and removed the case to the general calendar, apparently upon the ground that rule 5 of the special rules did not apply to the preferred calendar. We think he erred in his construction of rule 5 of the special rules of practice in this department.　That rule provides: "In a case upon the day calendar for trial, where it shall appear to the court by affidavit that counsel who is to try the case is to argue a cause * * * upon the day calendar of any appellate division of the supreme court, * * * the case shall be passed for the day," etc.　This provision is a general one, applicable as well to cases upon the preferred calendar as to those upon the general calendar.　No particular day calendar is here specified; none is excluded.　The paragraph immediately preceding referred specifically to causes upon the general calendar which had been "set down upon any Friday or Wednesday for trial."　But the rule was not exclusively devoted to the general calendar.　It begins by giving the special deputy clerk assigned to part 2 of the trial term "charge of the general and preferred calendars herein provided for," and proceeds to specify the duties of such clerk. The practice as to the preferred calendar is not specifically treated elsewhere, and the subsequent provisions of rule 5, which are general

in their nature, apply to it as well as to the general calendar. If it had been intended to exclude preferred causes from the benefit of the rule as to engagements of counsel, the previous specification as to cases set down upon any Friday or Wednesday for trial would have been carried on into that branch of the rule in question. Instead of this, however, there is an independent provision commencing, "In a case upon the day calendar for trial." The consideration which this rule gave to the bar was not limited to any class of business. If that consideration was to be given at all, it was as essential in one part as in another; and the rule was certainly intended to cover all the trial business of the court. The rule requires the presentation of an affidavit showing the necessary facts. No such affidavit was produced; but none was required. When the fact of the engagement was brought to the attention of the learned trial justice, he said, "I cannot help that." He then asked who had moved to place the case upon the calendar, and, learning that it was the plaintiff, struck the case from the calendar. There was no pretense that the plaintiff's counsel was not, in fact, actually engaged as stated. The learned justice made his ruling in view of what he believed to be his duty because said rule 5 did not apply to the preferred calendar. He directly decided that the case should be stricken from the preferred calendar. The case being answered ready at the call of the calendar in the morning, and no suggestion made of an impending engagement, the court was right in holding that the engagement subsequently entered into was no excuse. If parties answer ready at the call of the calendar in the morning without any reservation, they should be ready when case is reached on that day unless some unforeseen contingency arose making it impossible to go on. While the court, therefore, was justified in striking the case from the calendar, we think that upon the motion subsequently made based upon affidavits it would have been a proper exercise of discretion, upon the exceptional facts disclosed, to grant the motion to restore.

The order should be reversed, and the motion granted, but, under the circumstances, without costs. All concur.